**Case No.** CV 20-1145-MWF (PJWx)                    **Date:  February 24, 2020**
**Title:**    Brian Whitaker v. Mr. Noodle, Inc., et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITHOUT PREJUDICE

On February 4, 2020, Plaintiff Brian Whitaker commenced this action against Defendant Mr. Noodle, Inc.  (Complaint (Docket No. 1)).  On February 6, 2020, the Court issued an Order to Show Cause Re Supplemental Jurisdiction.  (OSC (Docket No. 9)).  The OSC required a response no later than February 20, 2020.

As of February 21, 2020, Plaintiff has not filed a response to the OSC.  The OSC specifically states:  "The Response shall be filed on or before February 20, 2020. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice …."

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

**Case No.** **CV 20-1145-MWF (PJWx)**                    **Date:  February 24, 2020**

Title:        Brian Whitaker v. Mr. Noodle, Inc., et al.

*See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Plaintiff was specifically warned that failure to timely respond to the OSC may, without further warning, result in the dismissal of the entire action without prejudice.  Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.